UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CAROL PALESKY, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-270-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| INTERNAL REVENUE SERVICE,[1] | ) | |
| | ) | |
|     Defendant | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS AND MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND COMPLAINT

The plaintiff filed this action on July 1, 2010, seeking declaratory relief against a penalty assessed against her by the Internal Revenue Service for allegedly understating taxes due on tax returns she prepared for clients. On December 21, 2010, the defendant filed a motion to dismiss the action. Docket No. 11. The plaintiff filed an opposition to the motion to dismiss and a motion for leave to amend her complaint to add a claim for injunctive relief on January 11, 2011. Docket Nos. 13, 14. She included with her opposition a motion for summary judgment. I have granted the defendant's request to delay its response to the motion for summary judgment until the motion to dismiss has been decided. Docket No. 35.

The defendant does not oppose the plaintiff's motion for leave to amend, but contends that the amendment would be futile because the Anti-Injunction Act bars her proposed new claim. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (Docket

---

[1] The defendant says repeatedly that it is "improperly named and sued as 'United States of America, and its agency, Internal Revenue Service,'" *e.g.*, Defendant's Motion to Dismiss (Docket No. 11) at 1, but never says how it should properly be named and sued.

No. 25) at 1-2. For the reasons that follow, I agree and, therefore, deny the motion for leave to amend and recommend that the amended complaint be dismissed.

## I. Applicable Legal Standard

The motion invokes Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant's Motion to Dismiss at 1. When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material. 5B C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979) (question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

With respect to Rule 12(b)(6), as the Supreme Court has clarified:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).[2]

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.

---

[2] In so explaining, the Court explicitly backed away from the Rule 12(b)(6) standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). The Court observed: "[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Id*. "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II. Factual Background

The following relevant facts are set out in the complaint. The plaintiff, a resident of Topsham, Maine, was the defendant in an action brought in 2007 by the federal government alleging that she had engaged in conduct subject to penalty under federal law in connection with tax returns that she prepared for clients for the tax years 2003 through 2005. Complaint for Declaratory Relief (Docket No. 1) ¶¶ 1, 5. Judgment was entered against her in that case as well as an order of permanent injunction, both in December 2007. *Id*. ¶ 7.

On March 13, 2008, the Internal Revenue Service sent the plaintiff a notice assessing penalties under 26 U.S.C. § 6694 for allegedly understating taxes due on the tax returns she had prepared for clients for the tax years 2003 through 2005. *Id*. ¶ 8. On April 8, 2008, the plaintiff's attorney responded that the claims were barred by *res judicata*, because the judgment in the previous case barred any further action against the plaintiff "for those same alleged tax return preparation errors." *Id*. ¶ 9.

On June 3, 2010 the Internal Revenue Service notified the plaintiff that her appeal of the penalties was denied. *Id*. ¶ 10. Through this action, she asks this court to validate her view that the penalties sought are barred by the doctrine of *res judicata*.

### III. Discussion

### A. Sovereign Immunity

The defendant first contends that it has not waived its sovereign immunity with respect to the plaintiff's claims, and the claims therefore must be dismissed. Memorandum in Support of Motion to Dismiss ("Motion") (Docket No. 12) at 2. The plaintiff responds that she is seeking only declaratory and injunctive relief, which is not barred by the doctrine of sovereign immunity. Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss ("Opposition") (Docket No. 13) at 3. The defendant does not reply to this argument, Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Reply") (Docket No. 25), at 1-3, and the Supreme Court has held that the Administrative Procedure Act ("APA"), specifically 5 U.S.C. § 702, waives federal sovereign immunity for actions seeking relief "other than money damages." *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61 (1999). The complaint in this action fits easily within the terms of that statute – the plaintiff alleges that she has been aggrieved by agency action – even though she does not cite the APA. The defendant is not entitled to dismissal on this basis.

### B. Declaratory Judgment Act

The defendant next asserts that the federal Declaratory Judgment Act bars this court from exercising jurisdiction over this action, because the dispute is one "with respect to" taxes. Motion at 2-3. The statute in issue provides, in relevant part:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]

28 U.S.C. § 2201(a).

An action that calls into question "a specific provision of the Internal Revenue Code, or . . . a ruling or regulation issued under the Code . . . would clearly come under the general bars to jurisdiction and declaratory relief" of section 2201(a). *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983). The complaint in this case attacks a ruling issued under the code. Complaint ¶¶ 8-10. The claim for declaratory judgment accordingly is barred,[3] and the defendant is entitled to dismissal of the sole claim pressed in the initial complaint.

### C. Anti-Injunction Act

The defendant also contends that the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars any claim for injunctive relief by the plaintiff under the circumstances of this case. Motion at 3-5. This is the claim that the plaintiff seeks to add to her complaint through her motion for leave to amend. Plaintiff's Motion to Amend Complaint (Docket No. 14) at 1-2.

The statute at issue provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a). The plaintiff does not dispute that "[o]rdinarily, the Anti-Injunction Act . . . would prohibit [her] from filing an action in court to enjoin the assessment or collection of the penalty[,]" Opposition at 4, so there is no need to discuss the applicability of section 7421(a) to the facts of this case. Instead, the plaintiff relies on a judicially-created exception to the statute: the government may be enjoined from collecting an assessed tax penalty if "it is clear that under no circumstances could the government ultimately prevail" and "equity jurisdiction otherwise exists, *i.e.*, the taxpayer shows that she would otherwise suffer irreparable injury." *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 627 (1976) (citation and internal

---

[3] The plaintiff's only response to this argument is an assertion that the exception in 28 U.S.C. § 2201 "is coextensive with the Federal Anti-Injunction Act" and, therefore, if relief under the latter is not barred, then declaratory relief is also available. Opposition at 9. Because I conclude that relief is not available to the plaintiff under the Federal Anti-Injunction Act, I need not address this argument further.

quotation marks omitted). The plaintiff's assertion that "[t]he Government cannot ultimately prevail on its claim for tax preparer penalties," Opposition at 5, thus requires this court to consider the merits of her claim.

### D. The Merits

#### 1. Defendant's Ability to Prevail

On the merits, the plaintiff relies on her claim of *res judicata.* Opposition at 5-8. She contends that the defendant could have sought to recover the penalties now assessed against her in the earlier action, and that, as a consequence of the defendant's failure to do so, it may not now seek to recover them. *Id*. at 7. The plaintiff's view is incorrect as a matter of law.

Both parties cite *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591 (1948), but the defendant gets it right. In that case, the Supreme Court said, in relevant part:

> The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.
>
> But where the second action between the same parties is upon a different cause or demand, the principle of res judicata is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time.

*Id*. at 597-98 (citations and internal quotation marks omitted).

The plaintiff only quotes in her brief the first paragraph set out above, and omits the second. Opposition at 5. The second paragraph makes clear that the "other admissible matter which might have been offered" referenced in the first statutory paragraph is evidence relevant to, or arguments in support of, the causes of action or claims for relief asserted in the first action. It is not other, distinct causes of action or requests for relief, which might well arise from the same nucleus of facts as the causes of action asserted in the first action.

Here, neither the complaint, the order of injunction, nor the stipulation and order of permanent injunction in the earlier case mentioned anything other than prospective injunctive relief. Complaint for Permanent Injunction, *United States of America v. Carol East Palesky*, No. 2:07-cv-147-DBH, Docket No. 1; Stipulation and Order of Permanent Injunction, *id*., Docket No. 6-2; Order of Permanent Injunction, *id*., Docket No. 7. No penalties were sought, or mentioned. In addition, the United States obtained the injunctive relief against the plaintiff, while the Commissioner of the Internal Revenue Service imposed the penalties at issue here. *See generally United States v. Alky Enter., Inc.* 969 F.2d 1309, 1311-14 (1st Cir. 1992).

At the very least, "under the most liberal view of the law and the facts," the plaintiff has not shown that the defendant cannot prove its claim for payment of the penalties. *See Church of Scientology of California v. United States*, 920 F.2d 1481, 1485-86 (9th Cir. 1990).

## 2. Irreparable Injury

The plaintiff also asserts that she "will be irreparably harmed if an injunction [barring any recovery of the penalties in dispute] is not issued." Opposition at 8. Specifically, she states that she will be "financially ruined and become destitute" if the defendant is allowed to collect the penalties at issue. *Id.* I consider this brief presentation by the plaintiff despite the fact that I

have already determined that she has not met the requirements of the first element of the judicial exception to the Anti-Injunction Act.

In this regard, "[t]he taxpayer [her]self must . . . plead and prove facts establishing that [her] remedy . . . in a refund suit is inadequate to repair any injury that might be caused by an erroneous assessment or collection of an asserted tax liability." *Shapiro*, 424 U.S. at 629. "Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained." *Id*. at 631 (quoting *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 595 (1931)). The opportunity provided to the plaintiff to recover the penalties, of which she need pay only 15% before proceeding, is established by 26 U.S.C. § 6694(c).

The plaintiff asserts that she "could not even afford to pay 15% of the penalties assessed [$10,650] so that she could then bring a refund claim," Opposition at 8 n.1, but the Supreme Court has said that, while restriction to such review may place a taxpayer "in a precarious financial position[,]" such an effect does "not rise to the level of constitutional infirmities, in light of the powerful governmental interests in protecting the administration of the tax system from premature judicial interference[.]" *Bob Jones University v. Simon*, 416 U.S. 725, 747 (1974).

Generally, there is no irreparable injury if the taxpayer has an adequate remedy at law. *Ayres v. Agents for Intern'l Monetary Fund I.R.S.*, No. Civ.A. 95-WM-1957, 1998 WL 723155, at *3 n.5 (D. Colo. July 24, 1998). My research has not located any case law in which an alleged inability to pay a tax assessment or penalty has been found to render an otherwise adequate legal

remedy inadequate, but, because the plaintiff has failed to establish the first prong of the exception, the court need not decide this question at this time.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss be **GRANTED**.

#### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of March, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge